UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO. 8 ANNUITY FUND, PENSION FUND, WELFARE FUND, SUMMER BENEFIT FUND, WINTER BENEFIT FUND, LABOR MANAGEMENT COMMITTEE FUND, ROOFING INDUSTRY PROMOTION FUND, JOINT APPRENTICESHIP TRAINING FUND, RESEARCH AND EDUCATION FUND, and NICK SICILIANO, in his fiduciary capacity as Trustee,

INDEX No.

                                              **Plaintiffs,**

**COMPLAINT**

      - against -

GILBERT CONTRACTING INC.
and JOHN MODICA,

                                              **Defendants.**
---------------------------------------------------------------------------------X

       Plaintiffs, Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Fund, Pension Fund, Welfare Fund, Summer Benefit Fund, Winter Benefit Fund, Labor Management Committee, Industry Promotion Fund, and Nick Siciliano, in his fiduciary capacity as a Trustee, Joint Apprenticeship Training Fund, Research and Education Fund (hereinafter referred to as the "FUNDS" or collectively referred to as "PLAINTIFFS"), by their attorneys, Law Offices of William Rothberg, as and for its Complaint against the Defendants, allege as follows:

## JURISDICTION AND VENUE

    **1.**    This action arises under the Labor Management Relations Act, as amended (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C.S. ¶185(a)) and under §502 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C.A. 1132). Jurisdiction is founded on the existence of questions arising thereunder.

2. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

3. This action is brought by the respective Trustees of the **FUNDS** in their fiduciary capacities for equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations as determined by an audit.

## PARTIES

4. Plaintiff, Board of Trustees of The United Union Of Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Fund, Pension Fund, Welfare Fund, Summer Benefit Fund, Winter Benefit Fund, Labor Management Committee Fund ("LMCF"), Roofing Industry Promotion Fund ("RIPF"), Joint Apprenticeship Training Fund ("JATF"), Research And Education Fund (hereinafter collectively referred to as the "FUNDS"), are administered by Trustees pursuant to the terms and provisions of Agreements and Declarations of Trust.  The FUNDS have been established pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "AGREEMENT"), heretofore entered into between the LOCAL UNION NO. 8 of the UNITED UNION OF ROOFERS, WATERPROOFERS and ALLIED WORKERS (hereinafter referred to as the "UNION" or "Local 8"), and certain Employers and/or Employer Associations, whose members employ members of the UNION, and are required to be maintained and administered in accordance with the provisions of the Taft-Hartley Act, ERISA, and other applicable state and federal laws.  The FUNDS maintain their offices at 12-11 43rd Avenue, Long Island City, NY 11101.

5. Plaintiff, NICK SICILIANO (hereinafter referred to as "SICILIANO") is a Chairman of the Board of Trustees, and a fiduciary within the meaning of Section 3(21) (A) of ERISA, 29 U.S.C. Section 1002(21) (A), of the FUNDS. The Trustees of the FUNDS have authorized SICILIANO to bring this action on their behalf. As President of the Local 8 Union, SICILIANO is also authorized to sue to collect wage assignments that have not been remitted by employers to Local 8 and the International Union.

6. Defendant, GILBERT CONTRACTING INC. (hereinafter referred to as "GILBERT" or the "CORPORATION"), is an employer engaged in an industry affecting commerce, who employs or has employed employees included within the AGREEMENT whereunder the CORPORATION is required to make contributions to the FUNDS as therein required, as a signatory to such agreement or agreements or by separate Memorandum of Agreement entered into by the CORPORATION and the FUNDS. During all relevant time, the CORPORATION transacted business within the State of New York, and maintains its principal place of business at 4163 Merrick Road, 2nd Floor, Massapequa, NY 11758.

7. Defendant, JOHN MODICA (hereinafter referred to as "MODICA"), is a natural person and the President of GILBERT. Upon information and belief, MODICA exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by the CORPORATION and remitted to the FUNDS, and is a fiduciary within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

## BACKGROUND

8. The FUNDS provide fringe benefits to eligible employees, retirees and their dependents, including but not limited to payments for hospitalization, medical care, life

insurance, annuity, pension, vacation, education and training, industry promotion and Union dues check-off on behalf of the employees from the CORPORATION.

9. The FUNDS are authorized to collect contributions on behalf of the employees of the CORPORATION.

10. The CORPORATION executed the AGREEMENT with the UNION on or about July 18, 2016 and remained a party through June 30, 2019. Accordingly, the CORPORATION was obligated to pay benefit contributions to the FUNDS for all hours worked by its employees within the jurisdiction of the UNION as well as comply with the other terms of the AGREEMENT.

11. The CORPORATION has failed to adequately respond to the FUNDS' demands for payment of contributions owed, and for an audit of its books and records.

12. The Trustees as fiduciaries of the FUNDS are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the AGREEMENT and Trust Indentures that concern the protection of employee benefit rights.

**AS AND FOR A FIRST CAUSE OF ACTION**

13. The FUNDS repeat and reallege each and every allegation contained in Paragraphs "1" through "12" of this COMPLAINT, as if set forth at length herein.

14. The CORPORATION executed the AGREEMENT on or about July 12, 2016 and remained a party through June 30, 2019.

15. The AGREEMENT provides that the CORPORATION shall on a monthly basis, remit reports to the FUNDS indicating, among other things, the names and hours worked by each of the Corporations' employees performing work under the jurisdiction of the AGREEMENT

4

(hereinafter referred to as "Remittance Reports").  Additionally the AGREEMENT requires that Remittance Reports shall be accompanied by corresponding payment of contributions to the FUNDS in accordance with the current rates as established by the AGREEMENT.

16. A review of Remittance Reports provided by the CORPORATION, for the period July 2017 through November 2018, found a balance of fringe benefit contributions owed to the FUNDS, in the sum of $127,390.00, no portion of which has been paid.

17. The FUNDS have no adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the CORPORATION, its officers, employees, servants and agents are ordered to immediately pay the monies due.

18. The failure, refusal or neglect of the CORPORATION to make the required payments to the FUNDS constitutes a violation of the AGREEMENT between the CORPORATION and non-party UNION, with respect to which the FUNDS are third party beneficiaries and constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

19. Accordingly, the CORPORATION is liable to the FUNDS for the sum of **$127,390.00**, as determined by Remittance Reports provided by the CORPORATION.

## AS AND FOR THE THIRD CAUSE OF ACTION

20. The FUNDS repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "19" of this COMPLAINT, as if fully set forth at length herein.

21. Section 515 of ERISA (29 U.S.C. §1145) requires Employers to pay fringe benefit contributions, with interest if said contributions are not timely paid, in accordance with the terms and conditions of Collective Bargaining Agreements.

22.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an Employer violation of §515 of ERISA (29 U.S.C. §1145), the Court shall award to the FUNDS the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. §6621), together with reasonable attorney's fees and costs, and disbursements incurred in the action.

23.     Further, the AGREEMENT provides that if an Employer is untimely in its payments of contributions to the FUNDS it shall be required to pay interest.

24.     The CORPORATION is liable for interest on contributions not timely paid to the FUNDS for the period of July 2017 through December 2018, in the sum of $10,053.00, plus interest on any unpaid contributions owed to date. CORPORATION'S failure to make payment on interest constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

25.     Accordingly, the CORPORATION is liable to the FUNDS for the payment of interest for the period July 2017 through December 2018, in the sum of $10,053.00, plus interest on the balance of unpaid contributions for the same period in sum of $21,019.00, plus any additional prejudgment interest, plus statutory damages, together with reasonable attorney's fees, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

## AS AND FOR A FOURTH CAUSE OF ACTION

26.     The FUNDS repeat and reallege each and every allegation contained in Paragraphs "1" through "25" of this COMPLAINT, as if fully set forth at length herein.

27. Section 515 of ERISA (29 U.S.C. §1145) requires the CORPORATION to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements.

28. Failure to pay or timely pay fringe benefit contributions and/or submit contribution reports owed as a result of work performed by individual employees of the CORPORATION constitutes violation of Section 515 of ERISA (29 U.S.C. Section 1145).

29. Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an Employer violation of §515 of ERISA (29 U.S.C. §1145), the Court shall award to the FUNDS the unpaid fringe benefit contributions, statutory damages on the unpaid principal computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. §6621), together with reasonable attorney's fees and costs and disbursements incurred in the action.

30. Accordingly, the CORPORATION is liable to the FUNDS for the period July 2017 through November 2018, in the sum of $127,390.00, along with 20% statutory damages, calculated at $25,478.00, together with reasonable attorney's fees, interest on the unpaid principal, costs, and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

**AS AND FOR A FIFTH CAUSE OF ACTION**

31. The FUNDS repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "30" of this COMPLAINT, as if fully set forth at length herein.

32. The AGREEMENT binds the CORPORATION and MODICA directly to the provisions of the AGREEMENT and Declaration of Trust for each of the FUNDS, as though the Employer had actually signed the individual documents, and further binds the Employer to all

actions taken by the Trustees of each of the FUNDS pursuant to said Agreements and Declaration of Trust, as amended, and their respective Plans, as amended.

33. The AGREEMENT and Declaration of Trust for each of the FUNDS provides in relevant part that "The assets of the Trust Fund shall not revert or be used for or inure to the benefit of any of the Employers…" and that, "All contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust Fund[s], be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary."

34. MODICA is a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, to the extent MODICA exercised authority or control respecting management or disposition of FUNDS' assets on behalf of the CORPORATION.

35. Upon information and belief, MODICA is a principal of the CORPORATION; who exercised control over the activities and operations of the CORPORATION, exercised "authority or control respecting management or disposition" over certain assets of the FUNDS within the meaning of 29 U.S.C. §1002(21)(A), exercised the authority to sign checks on behalf of the CORPORATION including checks which should have been submitted to the FUNDS for fringe benefit contributions, determined whether or not the CORPORATION used assets of the FUNDS to pay other obligations of the CORPORATION and determined whether or not the CORPORATION transferred assets of the FUNDS to himself.

36. Pursuant to 29 U.S.C. §1109(a), MODICA as a fiduciary, is personally liable to make good any losses to the FUNDS resulting from each such breach of fiduciary duty and to restore any profits which would have been made through use of assets of the FUNDS.

**37.** Accordingly, pursuant to 29 U.S.C. §1109(a) and 1132(g)(1), the FUNDS are entitled to recover from MODICA the following: a) contributions due and owing to the FUNDS for the period July 2017 through November 2018, in the sum of $127,390.00; b) interest for the period July 2017 through December 2018, in the sum of $10,053.00; c) interest for unpaid contributions for the period July 2017 through December 2018 in the sum of $21,019; d) statutory damages for the period July 2017 through November 2018 in the sum of $25,475; e) reasonable audit fees, attorney's fees, costs, and expenses; and f) such other legal or equitable relief as the court deems appropriate.

**WHEREFORE**, Plaintiff, FUNDS respectfully request Judgment against Defendants, GILBERT CONTRACTING INC and JOHN MODICA, for the following:

**A.** Payment of contributions for the period July 2017 through November 2018 in the sum of $127,390.00; and

**B.** Payment of interest for period July 2017 through December 2018 in the sum of $10,053.00; and

**C.** Payment of interest for unpaid contributions for the period July 2017 through December 2018 in the sum of $21,019; and

**D.** Payment of statutory damages in the sum of $25,475.00; and

**E.** All prejudgment interest which become due during the pendency of this action in accordance with ERISA §502 (g) (2); and

**F.** Statutory and liquidated damages on all contributions now due and which accrue during the pendency of this action, audit fees, reasonable attorney's fees, costs and disbursements in accordance with the AGREEMENT and with ERISA §502 (g)(2); and

      **G.**     Retain Jurisdiction over this matter pending compliance with its Order; and

      **H.**     Providing such other and further relief as the Court deems just and proper.


Dated: Brooklyn, New York
       December 30, 2020

                                            Respectfully submitted,

                                            /s/ Sylvie Straus-Figueroa
                                            Sylvie Straus-Figueroa
                                            Attorney for Plaintiffs
                                            16 Court Street, Suite 2200
                                            Brooklyn, NY 11241
                                            (718) 624-2200



TO:     GILBERT CONTRACTING INC.
           Defendant
           4163 Merrick Road, 2nd Floor
           Massapequa, NY 11758

           JOHN MODICA
           Defendant
           354 Cypress Street
           Massapequa Park, NY 11762